### In re STONER.
### No. 10087.

District Court, M. D. Pennsylvania.

Dec. 31, 1940.

A. J. White Hutton and John A. Smarsh, both of Chambersburg, for debtor.

Edmund C. Wingerd, of Chambersburg, for Farmers Bank of Mercersburg.

JOHNSON, District Judge.

The debtor filed his petition under section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. At a hearing before the Conciliation Commissioner to whom the case was referred, the debtor failed to secure the requisite consents of creditors to his extension proposal. August 6, 1940, the Conciliation Commissioner made a report to the court recommending dismissal of the proceedings because, first, the debtor had not shown any inability to take care of the interest on his obligations, or any necessity for the protection of section 75 of the Bankruptcy Act, and secondly, the petition sets forth facts which from the examination of the debtor himself are shown as not true and that the testimony of the debtor shows that the petition is not filed in good faith but for the purpose of defeating the claim of his creditors, for which there are assets to pay, and for the purpose of taking away from the creditors entirely a portion of the assets of the debtor. The debtor served notice on creditors that on August 19, 1940, he would file an amended debtor's petition under section 75, sub. s of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s. August 17, 1940, the Farmers Bank of Mercersburg, a secured creditor, filed petition with this court objecting to the filing of an amended petition under section 75, sub. s, and to an adjudication thereunder. August 19, 1940, the debtor filed his amended petition. August 28, 1940, the Farmers Bank filed a motion to dismiss the amended debtor's petition. September 24, 1940, there was filed with this court the petition of the debtor to review the report and recommendations of the Conciliation Commissioner recommending dismissal of the proceedings. These matters were all argued before the court on September 24, 1940.

The petition objecting to the filing of an amended debtor's petition and an adjudication thereunder, the motion to dismiss the said amended debtor's petition, and the debtor's petition for review of the report of the Conciliation Commissioner recommending dismissal of the proceedings are closely related and will be decided together.

The General Orders in Bankruptcy, 11 U.S.C.A. following section 53, provide:

"47. Unless otherwise directed in the order of reference the report of a referee or of a special master shall set forth his findings of fact and conclusions of law, and the judge shall accept his findings of fact unless clearly erroneous * * *."

"50. * * * (11) In so far as is consistent with the provisions of section 75 and of this general order, the conciliation commissioner shall have all the powers and duties of a referee in bankruptcy and the general orders in bankruptcy shall apply to proceedings under said section * * *".

The report of the Conciliation Commissioner in this case does not contain conclusions of law. It does contain "Commissioner's Findings", which are findings of fact. Because the report of the Conciliation Commissioner is not in conformity with the law, the petition for review thereof will be granted and the matter remanded to the Conciliation Commissioner with instructions.

It is therefore ordered that the report of the Conciliation Commissioner be, and the same is hereby, remanded, with instructions to the commissioner to make specific findings of fact and conclusions of law on the questions:

1. Whether the debtor is a "farmer" within the definition of that term in section 1(17) of the Bankruptcy Act, 11 U.S.C.A. § 1(17).

2. Whether the debtor is a farmer who finds himself in economic distress.

3. Whether the debtor shows necessity for the protection of section 75 of the Bankruptcy Act.

4. Whether the debtor filed his petition under section 75 of the Bankruptcy Act in good faith and with the intent and purpose of making a bona fide effort at composition or extension with his creditors.

5. Whether the debtor instituted these proceedings with intent to hinder and defraud creditors.

6. Whether the debtor made material misstatements in his petition and schedules filed under section 75 of the Bankruptcy act.

7. Whether such misstatements, if they exist, were made with intent to conceal assets and hinder and defraud creditors.

8. Whether the debtor's demeanor in hearings before the commissioner is frank, open and co-operative.

If the Conciliation Commissioner can not answer the above questions from hearings held and testimony taken heretofore, he shall call such further meetings as are necessary, with due notice thereof to all parties concerned. Whether or not additional hearings are held, the commissioner shall give proper notice of the making of his report, with opportunity to file exceptions thereto, the report then to be filed with this court. The commissioner shall shall use every proper method to expedite disposition of this matter.

Decision upon the motion to dismiss the amended debtor's petition under section 75, sub. s, will be held in abeyance pending receipt by the court of the above report directed to be made by the Conciliation Commissioner.